# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL MENDOZA, | / | 1:05-cv-01105-OWW-SMS (PC) |
| Plaintiff, | / | |
| v. | / | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| MENDOZA-POWERS, et. al., | / | (Docs. 1 & 15) |
| Defendants. | / | |

**I.   SCREENING ORDER**

Miguel Mendoza ("Plaintiff") is a state prisoner proceeding pro se.  The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on August 30, 2005.  (Doc. 1.)  Plaintiff filed his first amended complaint on June 9, 2007.  (Doc. 15.)  Plaintiff's first amended complaint is presently before the Court for screening.

   **A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Amended Complaint**

Plaintiff is currently a state prisoner at Pleasant Valley State Prison.  Plaintiff was formerly imprisoned at Avenal State Prison in Avenal, California, where the acts he complains of occurred.  Plaintiff names defendants Warden Mendoza-Powers and Doctor John G. Henry.

Plaintiff alleges that in May 2003, defendant Henry performed a right inguinal hernia repair on Plaintiff at French Hospital Medical Center during which a vein leading to the right testicle was severed.   Plaintiff's right testicle was lost approximately five months later. Defendant Henry informed Plaintiff that he had cut a vein but that Plaintiff would be fine. Plaintiff complains of continued pain in his scrotum.  Plaintiff seeks injunctive relief as well as monetary damages.

**C.     Pleading Requirements**

**1.  *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

2

1  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
2  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
3  Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the
4  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court
5  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
6  that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a
7  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
8  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
9  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
10 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
11 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
12 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal
13 pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490
14 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply
15 essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,
16 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
17 1982)).

   **2.  *Federal Rule of Civil Procedure 18(a)***

19 "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to
20 relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
21 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
22 against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A
23 against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated
24 claims against different defendants belong in different suits, not only to prevent the sort of
25 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
26 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
27 frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28
28

U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

## D. **Claims for Relief**

### 1. *Deliberate Indifference to Serious Medical Needs*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

4

deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that defendant Henry cut a vein leading to Plaintiff's right testicle, which resulted in Plaintiff losing his testicle five months later. Plaintiff also alleges that defendant Henry admitted to doing this but told Plaintiff that he would be fine. Plaintiff also alleges continued pain in his scrotum. Plaintiff's allegations do not rise to the level of deliberate

indifference to a serious medical need as opposed to mere negligence or medical malpractice. Plaintiff has thus failed to allege a cognizable claim against Henry.

### 2. *Supervisory Liability*

Plaintiff named defendant Warden Mendoza-Powers in his amended complaint. She holds a supervisorial position. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendant Mendoza-Powers personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff has thus failed to allege a cognizable claim against Mendoza-Powers.

### II. **CONCLUSION**

For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of

1  time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later
2  than thirty days from the date of service of this order.
3    Plaintiff must demonstrate in his complaint how the conditions complained of have
4  resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227
5  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
6  involved.  There can be no liability under section 1983 unless there is some affirmative link or
7  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
8  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
9  F.2d 740, 743 (9th Cir. 1978).
10    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
11 each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
12 rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the
13 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
14 ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
15     Plaintiff is further advised that an amended complaint supercedes the original complaint,
16 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
17 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
18 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
19 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
20 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
21 Forsyth, 114 F.3d at 1474.
22    The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies
23 identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
24 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second
25 amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
26 complaints).
27    Based on the foregoing, it is HEREBY ORDERED that:
28

1.  Plaintiff's first amended complaint is dismissed, with leave to amend;
2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;
3.  Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:     October 17, 2008**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE