IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MENDOZA, | 1:05-cv-01105-SMS-PC |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (Doc. 18) |
| MENDOZA-POWERS, et al., | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | |

Plaintiff, Miguel Mendoza ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2005, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 3.) No other party has appeared in this action. On December 17, 2008, this action was assigned to the undersigned for all purposes within the meaning of 28 U.S.C. § 636(c). (Doc. 19.)

On October 20, 2008, the court issued an order dismissing plaintiff's first amended complaint with leave to file a second amended complaint, within thirty days. (Doc. 18.) The thirty day period has now expired, and plaintiff has not filed a second amended complaint or otherwise responded to the court's order.[1]

---

[1] The United States Postal Service returned the order on October 28, 2008 as undeliverable. A notation on the envelope indicates that plaintiff is not at his last known address. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than three years. Plaintiff's failure to apprise the court of his most current address may reflect Plaintiff's disinterest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by submitting a notice of change of address so he will continue to receive court mail. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Mendoza's failure to set forth clear claims in the first instance and to notify the court of his current address in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Mendoza is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED without prejudice based on plaintiff's failure to obey the court's order of October 20, 2008; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   December 19, 2008**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE

3